IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON SAUNDERS,

    Petitioner,                     No. 1:07-CV-00605 ALA HC

    vs.

C. MEDINA, et. al.,

    Respondents.                <u>ORDER</u>

_____/

    Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Pending before this Court are Petitioner's application for a writ of habeas corpus (Doc. 1) and Respondent's Answer (Doc. 26).[1] For the reasons discussed below, Petitioner's application will be denied.

I

A

    Petitioner is in the lawful custody of the California Department of Corrections and

---

[1] On October 20, 2008, the Court granted Petitioner's third motion for an extension of time to file a traverse. (Doc. 33.) The Court cautioned Petitioner that the filing of a traverse is optional and that the Court would not consider any further requests for extensions of time. (*See id.*) Petitioner subsequently filed a motion for a fourth extension of time, which this Court denies in an order issued concurrently herewith. This Court construes Petitioner's failure to timely file a traverse as a waiver, and this matter is hereby submitted for review.

Rehabilitation (CDCR).  Petitioner is serving an eight year prison sentence following his conviction for possession of a controlled substance.  (Doc. 26, Ex. 2.)

At a June 2005 prison disciplinary hearing, a hearing officer found Petitioner guilty of "mutual combat" with another inmate, resulting in a credit loss of 90 days.  (Doc. 1 at 1.)  On December 12, 2006, Petitioner filed a petition for a writ of habeas corpus in Fresno County Superior Court claiming that the hearing officer's decision was arbitrary, capricious, was not supported by the evidence, and violated Petitioner's due process rights.  (Doc. 26, Ex. 2.)  On January 2, 2007, the Fresno County Superior Court denied the petition, finding that there was "ample evidence" to support the hearing officer's decision.  (Doc. 26, Ex. 1.)  In denying the petition, the Fresno County Superior Court summarized the relevant facts and findings as follows:

> Petitioner was found guilty of mutual combat with another inmate, Moreno, on June 22, 2005.  However, petitioner contends that he was acting in self-defense and that Moreno was the aggressor.  Therefore, petitioner concludes that he could not have been guilty of mutual combat.  Petitioner also argues that the hearing officer denied his due process rights when he refused to allow petitioner to introduce Moreno's rule violation report ("RVR") as evidence in support of his defense.
>
> The documentation attached to the petition shows that there was ample evidence to support the hearing officer's decision.  Petitioner's RVR states that Moreno removed his shirt and ran inside petitioner's cell in an aggressive manner. [Citation omitted.]  Officer Medina yelled for Moreno to "get out of there!", and "instantly Moreno stumbled backwards out of the cell and fell to the floor." [Citation omitted.]  Petitioner then "stepped out of his cell with clenched fists.  Moreno returned to his feet and both began striking each other in the face and upper bodies with their fists." [Citation omitted.]  Even after the officers sprayed petitioner and Moreno with pepper spray, they continued to fight on the ground and grapple for position. [Citation omitted.]
>
> Thus, it appears that there was sufficient evidence for the hearing officer to conclude that even if Moreno was the initial aggressor in the fight, petitioner chose to engage in mutual combat with Moreno beyond that which was necessary for self-defense.  Indeed, petitioner stepped out of his cell with clenched fists after Moreno left the cell, which could be considered an invitation to further combat.  Petitioner also continued to fight with Moreno even after ordered to stop by the correctional officers, and even after being sprayed with pepper spray.  Consequently, there was more than enough evidence to support the hearing officer's findings.  Furthermore, there is no reason to believe that admitting Moreno's rules violation report would have changed the outcome of petitioner's hearing.

(Doc. 26, Ex. 1 at 1-2.)

B

On January 19, 2007, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District. (Doc. 26, Ex. 3.) On February 1, 2007, the petition was summarily denied. (Doc. 26, Ex. 4.)

C

On February 13, 2007, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Doc. 26, Ex. 5.) On March 14, 2007, the petition was summarily denied. (Doc. 26, Ex. 6.)

D

Petitioner filed the pending application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) on April 20, 2007. (Doc. 1.) Respondent acknowledges that Petitioner has exhausted his state court remedies insofar as they relate to the hearing officer's decision at the June 2005 prison disciplinary hearing. (Doc. 26 at 3.)

II

A

The instant petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a federal court has limited power to grant habeas corpus relief under § 2254. AEDPA provides that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

1    Under § 2254(d)(1), "[a] state-court decision is 'contrary to'. . . clearly established
2 [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law
3 set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially
4 indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result
5 different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting
6 *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

7    Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant
8 habeas relief if the state court identified the correct governing legal principle from Supreme
9 Court precedent, but unreasonably applied that principle to the facts of the case at bar. *Williams*,
10 529 U.S. at 413. A petitioner bears the burden of showing that the state court applied Supreme
11 Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641
12 (2003) (citation omitted). A federal habeas court "may not issue the writ simply because that
13 court concludes in its independent judgment that the relevant state-court decision applied clearly
14 established federal law erroneously or incorrectly. Rather, that application must also be
15 unreasonable." *Williams*, 529 U.S. at 411; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)
16 (it is "not enough that a federal habeas court, in its independent review of the legal question, is
17 left with a firm conviction that the state court was erroneous") (internal quotation marks and
18 citations omitted).

19    Section 2254(d)(2) "authorizes federal courts to grant habeas relief in cases where the
20 state-court decision 'was based on an unreasonable determination of the facts in light of the
21 evidence presented in the State court proceeding.'" *Taylor v. Maddox*, 366 F.3d 992, 999 (9th
22 Cir. 2004) (quoting 28 U.S.C. § 2254(d)(2)). "[A] federal court may not second-guess a state
23 court's fact-finding process unless, after review of the state-court record, it determines that the
24 state court was not merely wrong, but actually unreasonable."

25                                                                B

26    As stated above, the Fresno County Superior Court issued a written decision denying

Petitioner's habeas petition on the merits on the ground that "there was ample evidence to support the hearing officer's decision" and that the "existing evidence does not establish that petitioner was denied his due process rights at the administrative hearing." (Doc. 26, Ex. 1 at 1-2.) The California Court of Appeal and the California Supreme Court rejected Petitioner's habeas petition without comment. (Doc. 26, Exs. 4, 6.) Accordingly, we must "look[] through" these denials to the last reasoned decision by a state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Therefore, this Court must look to the Fresno County Superior Court's decision in determining Petitioner's claims. *See id.*

C

In the instant application, Petitioner contends that the hearing officer's arbitrary and capricious findings at the June 2005 prison disciplinary hearing violated Petitioner's due process rights. (Doc. 1. at 5, 21.) Specifically, Petitioner claims that: (1) he could not have been found guilty of "mutual conduct" because the evidence demonstrates that he was acting in self defense against fellow inmate Moreno; and (2) his due process rights were violated when the hearing officer refused to allow him to introduce Moreno's RVR as evidence in support of his defense.

D

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (citation and internal quotation marks omitted). "To determine whether the some evidence standard is met does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (citation and internal quotation marks omitted). "*Hill*'s some evidence standard is minimal, and assures that the record is not so devoid of evidence that the

1  findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 1129

2  (citation and internal quotation marks omitted).

E

The Court concludes that Petitioner received all the process that was due to him in connection with the June 2005 disciplinary hearing. Although the Fresno County Superior Court's order did not cite federal law, the court's reasoned decision was not contrary to, or an unreasonable application of, clearly established federal law. *See Early*, 537 U.S. at 8 (state court decision not contrary to clearly established federal law merely because it does not cite Supreme Court authority).

The Fresno County Superior Court rejected Petitioner's contention that the hearing officer's decision was arbitrary and capricious and violated his due process rights. Clearly established federal law requires only that a hearing officer's decision be supported by "some evidence" in the record. *See Hill*, 472 U.S. at 455. The Fresno County Superior Court found "ample" evidence supporting the hearing officer's decision. (Doc. 26, Ex. 1 at 2.) Namely, the court found that even if Moreno was the initial aggressor in the fight, Petitioner "chose to engage in mutual combat with Moreno beyond that which was necessary for self-defense." (*Id.*) For example, Petitioner "stepped out of his cell with clenched fists *after* Moreno left the cell, which could be considered an invitation to further combat. Petitioner also continued to fight with Moreno *even after* ordered to stop by the correctional officers, and *even after* being sprayed with pepper spray." (*Id.* (emphasis added).) Such findings support the hearing officer's determination that Petitioner was not engaged in self defense, but was instead engaged in mutual combat. Accordingly, the Fresno County Superior Court's order upholding the decision of the hearing officer was not contrary to, or an unreasonable application of, clearly established federal law.

The Fresno County Superior Court also rejected Petitioner's contention that the hearing officer's refusal to allow Petitioner to introduce Moreno's RVR as evidence violated his due

1 process rights.  Prison officials have considerable discretion to exclude documentary evidence
2 that is deemed irrelevant.  *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) ("Prison officials
3 must have the necessary discretion to keep the hearing within reasonable limits and to refuse to
4 call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access
5 to other inmates to collect statements or to compile other documentary evidence.").
6 Accordingly, the Fresno County Superior Court's finding – that the hearing officer did not err in
7 excluding Moreno's RVR because it would not have changed the outcome of the hearing – was
8 not contrary to, or an unreasonable application of, clearly established federal law.

## Conclusion

Accordingly, it is hereby ORDERED that Petitioner's application for a writ of habeas corpus is DENIED.  The Clerk is DIRECTED to enter judgment and close the case.[2]

/////

DATED: November 18, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation

---

[2] The Court declines Petitioner's request to take judicial notice of 15 C.C.R. §§ 3900, *et seq.* (Doc. 1 at 10) as it would not affect the outcome of Petitioner's application.

7